## Noel W. Hauser and Associates
### Attorneys at Law
270 Madison Avenue, 13th Floor
New York, New York 10016
Telephone 212-688-6400
Facsimile 212-688-6457



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/07

October 17, 2007

Honorable John E. Sprizzo,
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street - Room 730
New York, New York 10007-1312

**MEMO ENDORSED**

    Re:  Harary vs. Lollytogs Ltd., et al.
         Case No. 07 CV 7878 (~~JES~~) RPP

Honorable Sir:

    Our office represents plaintiff in this action, which is one to recover damages for breach of employment contract and bad faith and wrongful discharge from employment under an express written contract with the defendant corporation which was for a stated term and which term has not yet expired. Other independent tort claims are asserted against two individuals who are officers of the defendant corporation for the commission of conduct in their own best interests contrary to the interests of the plaintiff and the defendant corporation.

    The contract called for the parties to negotiate in good faith for a renewal of the contract at the end of the initial five year period for an additional five years.

    The contract commenced September 2004 and the plaintiff was discharged in June 2007, over two years prior to the end of the initial term. Although the contract may be read to provide for severance pay, he has received nothing to date.

    Although the defendant has asserted that plaintiff's discharge was presumably under Section VII, paragraph 7.1 of the Employment Contract, which provides for the discharge if defendant was "discontinuing operating the [Official Work Wear]

Honorable John E. Sprizzo,
United States District Judge
United States District Court
Southern District of New York
Page 2
October 17, 2007

division", we attach herewith a copy of the defendant's current website which not only advertises the continuance of the division to date, but which in addition continues to identify the plaintiff as its President.

Defendants have moved to dismiss the Complaint under F.R.C.P. 12(b)(6) on the ground that (a) to the extent there is a claim for damages for bad faith termination of the employment contract for a stated term, it is subsumed by the claim for damages for breach of the employment contract; (b) the claim for damages exceeds what is payable under the terms of the contract between the parties for severance pay; and (c) the corporate officers cannot be held liable for acts committed in their official capacities as officers of the defendant corporation.

We believe that a claim for bad faith termination of an employment contract for a fixed period can stand independent of the claim for damages of the breach of contract itself, as was held by Honorable Bernard J. Fried, J.S.C., in the case of Gross vs. Empire Healthchoice Assurance Inc., reported in the New York Law Journal on August 20, 2007, page 18, column 3, as well as by cases therein cited (copy attached for this Honorable Court's convenience).

We also believe it is elementary that a corporate officer who acts contrary to the best interests of the corporation he serves resulting in damages to a plaintiff is actionable, Maddaloni Jewelers Inc. vs. Rolex Watch USA, 41 A.D.3d 269, 838 N.Y.S.2d 536 (A.D.1, 2007).

According to Judge Sprizzo's Rules "pre-motion conferences are required before the filing of any motions."

The foregoing notwithstanding, leave to move to dismiss was granted, evidently in your absence by Judge Leisure, who did not conduct a conference, and did not furnish plaintiff with an opportunity to be heard.

Honorable John E. Sprizzo,
United States District Judge
United States District Court
Southern District of New York
Page 3
October 17, 2007


    On October 15, 2007, I was furnished by a member of your staff with a Briefing Schedule calling for opposition papers to be served by November 15, 2007 and scheduling a date for oral argument on December 20, 2007 at 3:00 P.M.

    We believe the motion to dismiss is utterly meritless. By this letter, we are requesting that either (a) we be permitted to initiate and conduct necessary customary discovery, pendente lite, or (b) that the oral argument date be rescheduled to early November. We would be prepared to serve our opposition papers and Brief by November 5, 2007.

                        Respectfully yours,

                         Noel W. Hauser

NWH:eg
Enc.
cc: Fulbright & Jaworski L.L.P.

*[Handwritten note:] Application granted. Plaintiff to file opposing papers by 11/5/07, Defendant to file reply papers by 11/9/07 at 12 Noon. Oral argument 11/13/07 at 11 AM. So ordered. Robert P. Patterson*