UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR HARARY,<br><br>             Plaintiff,<br><br>-against-<br><br>LOLLY TOGS LTD., RICHARD SUTTON and ALFRED SUTTON,<br><br>             Defendants. | No. 07 CV 07878 (RPP) (KNF)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Lolly Togs, Ltd. (referred to herein as "Defendant")[1], by and through its undersigned attorneys, respectfully submits the following Answer and Affirmative Defenses to Plaintiff Victor Harary's Complaint ("Complaint") in the above-captioned action.

### AS TO "JURISDICTION"

1. Defendant admits the allegations set forth in Paragraph "1" of Plaintiff's Complaint.

### AS TO "VENUE"

2. Defendant admits the allegations set forth in Paragraph "2" of Plaintiff's Complaint.

### AS TO "FACTS"

3. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in Paragraph "3" of Plaintiff's Complaint.

---

[1] Pursuant to the Court's Opinion & Order dated February 1, 2008, Defendants Richard Sutton and Alfred Sutton were dismissed from the action. Accordingly, no response to the Complaint is necessary from Richard Sutton and Alfred Sutton. In addition, the February 1, 2008 Opinion & Order dismissed the Second and Third Counts in the Complaint in their entirety. As a result, no response is necessary to the allegations set forth therein.

1

4. Defendant admits the allegations set forth in Paragraph "4" of Plaintiff's Complaint.

5. Defendant admits the allegations set forth in Paragraph "5" of Plaintiff's Complaint.

6. Defendant admits the allegations set forth in Paragraph "6" of Plaintiff's Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in Paragraph "7" of Plaintiff's Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in Paragraph "8" of Plaintiff's Complaint.

9. Defendant denies each and every allegation set forth in Paragraph "9" of Plaintiff's Complaint, except avers that Defendant has extensive experience in the sourcing and production of garments.

10. Defendant denies each and every allegation set forth in Paragraph "10" of Plaintiff's Complaint.

11. Defendant denies each and every allegation set forth in Paragraph "11" of Plaintiff's Complaint, but refers the Court to the documents referenced for a true and complete statement of their contents.

12. Defendant denies each and every allegation set forth in Paragraph "12" of Plaintiff's Complaint.

    a. Defendant denies each and every allegation set forth in Paragraph "12a" of Plaintiff's Complaint.

       b.    Defendant denies each and every allegation set forth in Paragraph "12b" of Plaintiff's Complaint.

       c.    Defendant denies each and every allegation set forth in Paragraph "12c" of Plaintiff's Complaint.

       d.    Defendant denies each and every allegation set forth in Paragraph "12d" of Plaintiff's Complaint.

       e.    Defendant denies each and every allegation set forth in Paragraph "12e" of Plaintiff's Complaint.

       f.    Defendant denies each and every allegation set forth in Paragraph "12f" of Plaintiff's Complaint.

13.    Defendant denies each and every allegation set forth in Paragraph "13" of Plaintiff's Complaint.

## **AS TO "COUNT I"**

14.    Defendant denies each and every allegation set forth in Paragraph "14" of Plaintiff's Complaint.

15.    Defendant denies each and every allegation set forth in Paragraph "15" of Plaintiff's Complaint.

## AS TO "COUNT II"

No response is necessary to Paragraphs "16" and "17" as Count II has been dismissed from the Complaint in its entirety.

## AS TO "COUNT III"

No response is necessary to Paragraphs "18" through "20" as Count III has been dismissed from the Complaint in its entirety.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

16. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded against Defendant.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

17. Plaintiff's Complaint should be dismissed in its entirety, with prejudice, because Defendant acted reasonably at all times and in good faith toward Plaintiff.

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his alleged damages.

## AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred, in whole or in part, due to equitable principles, including but not limited to the doctrines of estoppel, waiver, unclean hands and/or offset.

## AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred, in whole or in part, by the liquidated damages and/or severance provision in the employment agreement.

## AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own fraudulent conduct and/or misrepresentations.

22. Defendant reserves the right to plead additional and separate affirmative defenses which may be ascertained during the course of discovery in this action or otherwise.

WHEREFORE, Defendant prays that the Court:

1. Dismiss Plaintiff's Complaint, in its entirety, with prejudice;

2. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

3. Award Defendant its reasonable attorneys' fees and costs incurred in defending against this meritless and vexatious action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 545-4000

Dated: February 28, 2008
New York, New York

By: _____
Felice B. Ekelman (FE 5692)
John A. Snyder II (JS 4786)

## CERTIFICATE OF SERVICE

I hereby certify that on **February 29, 2008** the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*s/ John A. Snyder II*
**John A. Snyder II (JS 4786) – snyderj@jacksonlewis.com**

Counsel for Defendant Lollytogs, Ltd.