

**jackson | lewis**
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| ATLANTA, GA | LOS ANGELES, CA | PORTLAND, OR |
| BIRMINGHAM, AL | MIAMI, FL | PROVIDENCE, RI |
| BOSTON, MA | MINNEAPOLIS, MN | RALEIGH-DURHAM, NC |
| CHICAGO, IL | MORRISTOWN, NJ | RICHMOND, VA |
| CLEVELAND, OH | NEW ORLEANS, LA | SACRAMENTO, CA |
| DALLAS, TX | NEW YORK, NY | SAN FRANCISCO, CA |
| DENVER, CO | ORANGE COUNTY, CA | SEATTLE, WA |
| GREENVILLE, SC | ORLANDO, FL | STAMFORD, CT |
| HARTFORD, CT | PHILADELPHIA, PA | WASHINGTON, DC REGION |
| HOUSTON, TX | PHOENIX, AZ | WHITE PLAINS, NY |
| LONG ISLAND, NY | PITTSBURGH, PA | |

RECEIVED APR 15 2008 CHAMBERS OF JUDGE ROBERT P. PATTERSON

DIRECT DIAL: (212) 545-4054
EMAIL: SNYDERJ@JACKSONLEWIS.COM

# MEMO ENDORSED

April 15, 2008



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/08

<u>VIA FACSIMILE (212-805-7917)</u>

Honorable Robert P. Patterson, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

          Re:    Harary v. Lollytogs, Ltd.
                <u>Civ. Action No.: 07-7878 (RPP) (KNF)</u>

Dear Judge Patterson:

       We are counsel representing Defendant Lollytogs, Ltd. ("Defendant") in connection with the above-referenced matter. Pursuant to Local Civil Rule 37.3, Defendant respectfully requests leave be granted by the Court allowing it to move to disqualify Noel Hauser, Esq. as counsel for Plaintiff Victor Harary ("Plaintiff") in accordance with New York Disciplinary Rule 5-102(A). Specifically, Defendant contends that such relief is appropriate given Mr. Hauser's role in negotiating and drafting Plaintiff's Employment Agreement that is at issue in the instant litigation.

       On March 19, 2008, we wrote to Mr. Hauser explaining Defendant's position on this issue and citing various cases in support of such position. Thereafter, Mr. Hauser responded to us on March 24, 2008. In the March 24th letter, Mr. Hauser stated that he disagreed with Defendant's position and the cases cited in our March 19th letter. Moreover, Mr. Hauser offered to provide citations to cases in support of his position. On April 4, 2008 we again wrote to Mr. Hauser in response to his letter. Having not received any response to this letter, we wrote another letter to Mr. Hauser on April 9, 2008. To date, no written response to this letter has been received. (Copies of all of the aforementioned letters are attached collectively hereto as Exhibit "A.")


jackson | lewis
Attorneys at Law

Honorable Robert P. Patterson
Southern District of New York
April 15, 2008
Page 2

Accordingly, Defendant respectfully requests that leave be granted allowing it to move to disqualify Mr. Hauser as counsel for Plaintiff. In addition, Defendant requests that all discovery be held in abeyance pending resolution of this issue and/or the parties' April 30, 2008 Scheduling Conference with the Court.

Thank you for your consideration in this regard.

Respectfully submitted,

JACKSON LEWIS LLP

John A. Snyder II

Enclosures
cc:   Noel W. Hauser, Esq. (via facsimile)
      Felice B. Ekelman, Esq.

*Application for leave to file a motion are not required under this Court's rules of practice. Discovery will not be stayed. The April 30, 2008 scheduling conference will proceed as scheduled.*

*So ordered*

*Robt P Patterson*
*USDJ*
*4/15/08*

**EXHIBIT "A"**



Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
Tel 212 545-4000
Fax 212 972-8213
www.jacksonlewis.com

ATLANTA, GA · LOS ANGELES, CA · PORTLAND, OR
BIRMINGHAM, AL · MIAMI, FL · PROVIDENCE, RI
BOSTON, MA · MINNEAPOLIS, MN · RALEIGH-DURHAM, NC
CHICAGO, IL · MORRISTOWN, NJ · RICHMOND, VA
CLEVELAND, OH · NEW ORLEANS, LA · SACRAMENTO, CA
DALLAS, TX · NEW YORK, NY · SAN FRANCISCO, CA
DENVER, CO · ORANGE COUNTY, CA · SEATTLE, WA
GREENVILLE, SC · ORLANDO, FL · STAMFORD, CT
HARTFORD, CT · PHILADELPHIA, PA · WASHINGTON, DC REGION
HOUSTON, TX · PHOENIX, AZ · WHITE PLAINS, NY
LONG ISLAND, NY · PITTSBURGH, PA

DIRECT DIAL: (212) 545-4054
EMAIL: SNYDERJ@JACKSONLEWIS.COM

March 19, 2008

Noel W. Hauser, Esq.
Noel W. Hauser & Associates
270 Madison Avenue, 13th Floor
New York, New York 10017

Re: Harary v. Lollytogs, Ltd. et al.
Civ. Action No. 07-07878 (JES)(KNF)

Dear Mr. Hauser:

As you know, during oral argument on Defendants' Motion to Dismiss, Judge Patterson raised the issue regarding whether there may be grounds for your disqualification as counsel for Plaintiff Victor Harary ("Plaintiff" or "Mr. Harary"), given that you represented Mr. Harary during the dissolution of Duty Free Manufacturers, Ltd. ("Duty Free") and the negotiation and drafting of the Employment Agreement at issue in this case.

We are writing to you to request that you withdraw as counsel for Mr. Harary for the reasons set forth below. Please be advised that, if you fail to withdraw, Lollytogs, Ltd. ("Lollytogs") intends to file a motion to disqualify your firm as counsel for Mr. Harary. We are requesting your voluntary consent to withdrawal to avoid the costs associated with making a motion, which Lollytogs will request from the Court if a motion is necessary.

New York Disciplinary Rule 5-102(A) states, in relevant part, that:

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on behalf of the client, the lawyer shall withdraw as an advocate before the tribunal....

DR 5-102 (A).

It is well-settled under New York law that an attorney should be disqualified pursuant to 5-102(A), where an attorney's personal knowledge is directly at issue and he or she was significantly involved in the agreement or transaction at issue such that the attorney will be in the untenable position of being both an advocate and witness. See, e.g., Kubin v. Miller, 801



Noel W. Hauser, Esq.
March 19, 2008
Page 2

F.Supp. 1101 (S.D.N.Y. 1992) (disqualifying attorney involved in drafting and in parties' decision to enter into merger agreement because he ought to be called as a witness); Paretti v. Cavalier Label Co., 722 F.Supp. 985, 986 (S.D.N.Y. 1989) (disqualifying a lawyer involved in extensive negotiations over a contract); Fairview at Old Westfield, L.P. v. European Amer. Bank, 186 A.D.2d, 588 N.Y.S.2d 339 (2d Dep't 1992) (affirming motion to disqualify plaintiffs' lawyer who played a central role in the negotiations which resulted in the loan agreement at issue in lawsuit); Bridges v. Alcan Constr. Corp., 134 A.D.2d 316, 520 N.Y.S.2d 793 (2d Dep't 1987) (disqualification of attorney involved with drafting and "revival" of commission agreement affirmed on appeal; appellate court held that "any doubt is to be resolved in favor of disqualification"); RAV Realty Corp. v. Union Federal Savings and Loan Association, 63 A.D.2d 609, 405 N.Y.S.2d 78 (1st Dep't 1978) (disqualifying law firm who represented real estate company in dealing with bank and individual defendants in subsequent dispute over mortgage commitment; holding "[i]t will be unseemly for counsel to be both witness and advocate in the same case since, as advocate, counsel could be arguing in favor of his own credibility").

As you know, you were intimately involved in the dissolution of Duty Free and the negotiation and drafting of Mr. Harary's Employment Agreement. Indeed, we understand that you proposed modifications to and were involved in the drafting and negotiation of the Employment Agreement, including, but not limited to, Sections V and VII involving termination of employment and discontinuance of the Official Work Wear Division at the heart of this case. Thus, given that your testimony as a witness is necessary with respect to these and perhaps other issues, you cannot both be an advocate for Mr. Harary by representing him in this lawsuit and a fact witness regarding your involvement in the dissolution of Duty Free and your role in drafting and negotiating the Employment Agreement, which will be the subject of extensive discovery in this case.

Please advise us of your position at your earliest opportunity so that Lollytogs can proceed accordingly.

Very truly yours,

JACKSON LEWIS LLP

John A. Snyder II

JAS/mm

*Noel W. Hauser and Associates*
*Attorneys at Law*
*270 Madison Avenue, 18th Floor*
*New York, New York 10016*
*Telephone 212-688-6800*
*Facsimile 212-688-6457*

March 21, 2008

John A. Snyder II, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038

      Re: Harary vs. Lollytogs Ltd., et al.
          <u>Case No. 07 CV 0787B (RPP)</u>

Dear Mr. Snyder:

    I have reviewed your letter of March 19, 2008, which requests my withdrawal as counsel for Mr. Harary and states that you will be requesting motion costs in the event that a motion is necessary to compel my disqualification.

    First of all, I ask you to revisit the Disciplinary Rule quoted in your letter which provides for withdrawal of a lawyer from representing a client if "a lawyer learns or it is obvious that the lawyer ought to be called as a witness <u>on behalf of the client</u> [Harary]."

    Contrary to your letter, it is obvious to me that I should not be called as a witness for my client, Harary, nor do I intend to be a witness in his behalf, and, accordingly, there is no reason to even consider the applicability of the Disciplinary Rule cited in your letter.

    Secondly, I am certain that I never met with any representative of Lollytogs or any attorney representing Lollytogs in connection with the Employment Agreement, or otherwise. Contrary to your letter, the Employment Agreement was drafted in its entirety by Lollytogs or its counsel, and if I had any input whatever (and I do not recollect any at all), it was limited to a telephone call relating either to an ambiguity or stylistic change.

John A. Snyder II, Esq.
Jackson Lewis LLP
Page 2
March 24, 2008

    I suggest you check your facts more carefully before threatening counsel with a motion to disqualify.

    Thirdly, the cases cited in your letter are pretty much out of date and I am sure that if you will check more recent decisions of the Courts, both State and Federal, dealing with disqualification motions, you will find that the movant bears a heavy burden in seeking to disqualify counsel for an adverse party whose selection finds at least prime facie protection under the Sixth Amendment of the United States Constitution.

    I would be pleased to refer you to the appropriate cites if you wish to pursue the matter further.

Very truly yours,

Noel W. Hauser

NWH:eg
Via FAX (212 972-3213)
and First Class Mail

# jackson | lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | PORTLAND, OR |
| 59 Maiden Lane | BIRMINGHAM, AL | MIAMI, FL | PROVIDENCE, RI |
| New York, New York 10038 | BOSTON, MA | MINNEAPOLIS, MN | RALEIGH-DURHAM, NC |
| | CHICAGO, IL | MORRISTOWN, NJ | RICHMOND, VA |
| Tel 212 545-4000 | CLEVELAND, OH | NEW ORLEANS, LA | SACRAMENTO, CA |
| Fax 212 972-1213 | DALLAS, TX | NEW YORK, NY | SAN FRANCISCO, CA |
| www.jacksonlewis.com | DENVER, CO | ORANGE COUNTY, CA | SEATTLE, WA |
| | GREENVILLE, SC | ORLANDO, FL | STAMFORD, CT |
| | HARTFORD, CT | PHILADELPHIA, PA | WASHINGTON, DC REGION |
| | HOUSTON, TX | PHOENIX, AZ | WHITE PLAINS, NY |
| | LONG ISLAND, NY | PITTSBURGH, PA | |

DIRECT DIAL: (212) 545-4054
EMAIL: SNYDERJ@JACKSONLEWIS.COM

April 4, 2008

Noel W. Hauser, Esq.
Noel W. Hauser & Associates
270 Madison Avenue, 13th Floor
New York, New York 10017

Re: <u>Harary v. Lollytogs, Ltd. et al.
Civ. Action No. 07-07878 (JES)(KNF)</u>

Dear Mr. Hauser:

We are writing in response to your letter dated March 24, 2008, regarding Lollytogs' potential motion to disqualify you as counsel for Plaintiff Victor Harary. Your letter states that it is "obvious" that you should not be called as a witness for your client and relies on the fact that you never met with any representative of Lollytogs in connection with the Employment Agreement at issue. However, the lack of any such meeting does not preclude the necessity of your testimony in the instant matter. The litigation involves the Employment Agreement between Lollytogs and Mr. Harary, and Mr. Harary's alleged understanding of same. Accordingly, given your involvement in negotiating and proposing modifications to the Employment Agreement on behalf of Mr. Harary, we believe that you may be a necessary witness.

Your letter references the Sixth Amendment, which addresses criminal prosecutions, and has no application here. Finally, your letter refers to recent decisions that allegedly contrast with the cases cited in our March 19, 2008 letter. As offered in your letter, please provide us with citations to these cases. Thank you for your attention to this matter.

Very truly yours,

JACKSON LEWIS LLP

John A. Snyder II



**jackson|lewis**
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| ATLANTA, GA | LOS ANGELES, CA | PORTLAND, OR |
| BIRMINGHAM, AL | MIAMI, FL | PROVIDENCE, RI |
| BOSTON, MA | MINNEAPOLIS, MN | RALEIGH-DURHAM, NC |
| CHICAGO, IL | MORRISTOWN, NJ | RICHMOND, VA |
| CLEVELAND, OH | NEW ORLEANS, LA | SACRAMENTO, CA |
| DALLAS, TX | NEW YORK, NY | SAN FRANCISCO, CA |
| DENVER, CO | ORANGE COUNTY, CA | SEATTLE, WA |
| GREENVILLE, SC | ORLANDO, FL | STAMFORD, CT |
| HARTFORD, CT | PHILADELPHIA, PA | WASHINGTON, DC REGION |
| HOUSTON, TX | PHOENIX, AZ | WHITE PLAINS, NY |
| LONG ISLAND, NY | PITTSBURGH, PA | |

DIRECT DIAL: (212) 545-4054
EMAIL: SNYDERJ@JACKSONLEWIS.COM

April 9, 2008

**VIA FACSIMILE**
**& FIRST CLASS U.S. MAIL**

Noel W. Hauser, Esq.
Noel W. Hauser & Associates
270 Madison Avenue, 13th Floor
New York, New York 10017

        Re: <u>Harary v. Lollytogs, Ltd. et al.</u>
          <u>Civ. Action No. 07-07878 (JES)(KNF)</u>

Dear Mr. Hauser:

  We are in receipt of your letter dated April 8, 2008, regarding Plaintiff's document requests. As indicated in our April 4, 2008 correspondence (a copy of which is attached), Defendant believes that there are grounds for a motion to disqualify you as counsel for Plaintiff Victor Harary. As requested in our prior letter, please provide us with citations to the cases in support of your position that are referenced in your March 24, 2008 correspondence. In the event this matter is not resolved beforehand, we intend to raise this issue with the Court at the parties' April 30th Scheduling Conference.

  Thank you for your attention to this matter.

            Very truly yours,

            JACKSON LEWIS LLP

            John A. Snyder II

Enclosure