UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

VICTOR HARARY,                          Civil Action No.
                                        07 CIV 7878
                        Plaintiff,      (PATTERSON, J.)


            -against-                   **DOCUMENT PRODUCTION**
                                        <u>     REQUEST     </u>


LOLLY TOGS LTD., RICHARD SUTTON
and ALFRED SUTTON,

                        Defendants.

- - - - - - - - - - - - - - - - - -X



        **PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal

Rules of Civil Procedure, plaintiff requests that defendants

produce for inspection and copying the following documents in

their possession, custody or control, at the offices of the

attorneys for plaintiff, NOEL W. HAUSER AND ASSOCIATES, 270

Madison Avenue, 13th Floor, New York, New York 10016, within the

time limits set forth in Rule 34.


1

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are applicable to these requests:

A.  The full text of the Uniform Definitions and Rules of Construction set forth in Rule 47 of the Civil Rules of the Southern District of New York are incorporated by reference.

B.  If any of the requested documents are withheld on the basis of a claim of privilege or immunity, defendants are requested to provide a list of the withheld documents, identifying for each document the person who prepared or authored the document, the date,  the general subject matter, all recipients of a copy of the document, and anyone who saw such a copy, and enough information about the content of the document to permit objective verification of the claim of privilege or immunity.

C.  In producing the documents requested herein, unless the documents are produced as they are kept in the usual course of business, defendants should indicate the specific request or requests in response to which each document or groups of documents is being produced.

D.  The term "defendant" or "defendants" should include any and all corporate predecessors and other business entities.

E.  The term "you" or "yours" means and includes the defendants and anyone acting on their behalf.

2

F.   The term "anyone acting on your behalf" includes, but is not limited to, your representatives, agents, attorneys, accountants, members or investigators, whether hired or appointed by you or your attorneys or representatives.

G.   The term "representative" means and includes any and all agents, employees, servants, shareholders, officers, directors, attorneys, accountants and consultants who are or have acted on your behalf, and includes former and present officers and employees of the defendants.

H.   The term "employee" means employees, partners, agents, associates or anyone acting on your behalf or purporting to act on your behalf, and includes former and present employees and officers of the defendants.

I.   The term "person" means any individual, partnership, firm, association, joint venture, corporation, estate, trust, receiver, any group or combination acting as a unit or any other business, governmental or legal entity.

J.   The term "document" or "documents" means and includes any medium upon which intelligence or information can be recorded, maintained or retrieved, including, without limitation, the original or a copy thereof, regardless of the origin and location, of any writing or recording of any type or description, however produced or reproduced, which is in your or your representatives' possession, custody or control, or to which you

3

have or had access, or of which you have knowledge or which you
have a right or privilege to examine upon request or demand, and
includes any and all writings and recordings, and includes the
original (or a copy if the original is not available) and any
nonidentical copies (whether different from the original because
of notes made on the copy or otherwise).

K.    The term "communication" means any oral or written
expression, statement or utterance of any nature whatsoever, by
and to whomever made, including, but not limited to,
correspondence, conversations, dialogues, interviews,
consultations, memoranda, agreements or other understandings
between or among two or more persons.

L.    The terms "relate or pertain to" and "pertaining
to" as used herein shall mean mentioning, discussing, including,
summarizing, describing, identifying, reflecting, containing,
referring to, relating to, depicting, connected with, embodying,
evidencing, constituting, concerning, reporting, purporting or
involving an act, occurrence, event, transaction, fact, thing, or
course of dealing.

M.    The term "and" or "or" shall be construed either
disjunctively or conjunctively or both, as necessary to bring
within the scope of any request for admission all responses which
might otherwise be construed to be outside the scope.

4

N.   The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

O.   The masculine gender of any word shall be construed to include the masculine, feminine and neuter gender.

P.   The term "work wear" refers to those classes and categories of garments at any time offered for sale by Official Work Wear, or that division of Lolly Togs Ltd. known as Official Work Wear.

## **INSTRUCTIONS**

A.   This request for production of documents shall be deemed to be a request for all such documents, whether prepared by or for you or by any other person, which documents are in your possession, or in the possession, custody or control of your attorneys, consultants, accountants, receivers, employees, agents, or anyone acting on your behalf.

B.   Under the applicable Statutes, you are required to serve a written response to this request for production of documents, as well as the document, within the time provided by Statute.  In such response you are to state:

1.   With respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated;

2.   If objection is made to part of an item or category, the part shall be specified and inspection permitted for the remaining parts;

3.   As to each document you are withholding from production on the basis of a privilege, you are to provide the following information to identify the document for a Subpoena or motion to compel its production:

    a.   Title or description;

    b.   Date of Document;

    c.   The name(s) and address(es) of the person(s) who prepared it;

    d.   The person(s) to whom it was directed or circulated;

    e.   The name(s) and address(es) of the person(s) who have custody of such document;

    f.   Number of pages;

    g.   Subject matter; and

    h.   The specific grounds for withholding the document.

C.   You are required to organize and label the documents you produce to correspond with the categories in this request.

D.   Each document produced pursuant to this request shall be entitled in such production by the paragraph number with respect to which it is produced.

6

E.   This request is continuing so as to require a supplemental response if additional documents are obtained which are responsive to this request.

F.   The period covered by this Document Production Request commences with January 1, 2002.

## DOCUMENTS REQUESTED

1.   Copies of minutes of all meetings of the Board of Directors of Lolly Togs Ltd., where any of the following were the subject of discussion:

> a.   Efforts by Victor Harary, Steven Haber and Duty Free Manufacturing Inc., or any of them, to obtain financing from Lolly Togs or its bankers for the manufacture of apparel;
>
> b.   The initial engagement by Victor Harary as an employee of Lolly Togs Ltd.;
>
> c.   Performance by Victor Harary as an employee and executive of Lolly Togs throughout the period thereof;
>
> d.   The decision to discharge or not discharge Victor Harary;
>
> e.   The creation of a division of Lolly Togs to produce, market or sell work wear;
>
> f.   The decision to terminate the conduct of business of the division known as Official Work Wear; and

7

g.    Consideration of disposition of orders for work wear to be manufactured after June 30, 2007.

2.    All inter-office memoranda including all emails created or exchanged by any and all of the officers and directors of Lolly Togs regarding:

a.    Victor Harary's hiring;

b.    Victor Harary's performance;

c.    Victor Harary's discharge.

3.    Minutes of the meetings of the Board of Directors of Lolly Togs Ltd., to the extent they contain any discussion or matter relating to Steven Haber, including, but not limited to the decision to pay him $750,000.00.

4.    Documents reflecting litigation or relating to a "Beth Din" regarding Haber.

5.    Documents reflecting any investigation, profiling or other inquiry concerning the background of Victor Harary prior to his engagement.

6.    Documents reflecting ownership interest or control by Lolly Togs, and each and every one of its principals, officers and directors of overseas factories which manufacture garments as per orders from Lolly Togs Ltd.

7.    Copies of Employee Handbooks.

8.    Minutes of meetings of the Board of Directors showing election of officers and chief executive officer for Lolly Togs

Ltd. and each and every subsidiary and division.

9.   Documents reflecting the basis, if any, by which Sam (a/k/a "Sonny") Gindi was able to control the production or pricing of merchandise ordered or to be ordered by Lolly Togs Ltd. for resale by Official Work Wear.

10.   Copies of all agreements between Vanity Fair and Lolly Togs, including License Agreements.

11.   Copies of all correspondence, including emails, exchanged between Lolly Togs and Vanity Fair (other than as regards remittances of monies for licenses).

12.   Copies of all inter-office correspondence, including emails, exchanged between and among the officers, directors or principals of Lolly Togs relating to competition or the potential of competition between Official Work Wear and Red Kap or Vanity Fair.

13.   Documents reflecting the make-up of the Board of Directors of Lolly Togs Ltd.

14.   Documents reflecting the make-up of the officers of Lolly Togs Ltd.

**DATED:    New York, New York**
**           March 4, 2008           Respectfully submitted,**

**                                   /s/**
**                                   NOEL W. HAUSER AND ASSOCIATES**
**                                   Attorneys for Plaintiff**
**                                   270 Madison Avenue - 13th Fl.**
**                                   New York, New York 10016**
**                                   212  688-6400**

TO:
      **JACKSON LEWIS LLP**
      **Attorneys for Defendants**
      **59 Maiden Lane**
      **New York, New York 10038**